# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
            )
    v.                 )        I.D. Nos. 1004019692,
            )                1309013326
DESMOND SCOTT,      )
            )
    Defendant.      )

Date Submitted:   October 22, 2020
Date Decided:    December 7, 2020

## ORDER

Upon consideration of Defendant's Motion for Modification of Sentence ("Motion"),[1] Superior Court Criminal Rule 35, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1.     On October 26, 2010, Defendant pled guilty to Trafficking.[2] The Court immediately sentenced Defendant to 10 years at Level V, suspended after 3 years at Level V, for 18 months at Level III.[3]

2.     While Defendant was serving his sentence for the Trafficking conviction, he was found in violation of probation ("VOP") twice.[4]

---

[1] ID No. 1004019692, D.I. 50; ID No. 1309013326, D.I. 22.
[2] ID No. 1004019692, D.I. 10.
[3] ID No. 1004019692, D.I. 12.
[4] ID No. 1004019692, D.I. 15, 27.

3.     The conduct underlying Defendant's second VOP resulted in new charges, which were filed in a new criminal case.[5]  The new charges included Possession of a Firearm by a Person Prohibited ("PFBPP") and Possession of Ammunition by a Person Prohibited ("PABPP").[6]  On March 18, 2014, Defendant pled guilty to PFBPP and PABPP.[7]

4.     On December 19, 2014, the Court issued two sentencing orders.[8]  In the first of these sentencing orders, effective September 19, 2014, the Court sentenced Defendant for his second VOP in the Trafficking case.  Defendant was sentenced to 3 years at Level V.[9]  In the second sentencing order, effective December 19, 2014, the Court sentenced Defendant for his PFBPP and PABPP conviction as follows:  10 years at Level V, suspended after 6 years at Level V, for 4 years at Level IV (Work Release), suspended after 6 months at Level IV (Work Release), for 2 years at Level III, hold at Level V until space is available at Level IV (Work Release).[10]

5.     On December 5, 2016, Defendant filed a Motion for Modification of Sentence in his PFBPP/PABPP case.[11]  On February 6, 2017, the Court denied the Motion as time barred.[12]

---

[5] ID No. 1309013326, D.I. 1.
[6] *Id.*
[7] ID No. 1309013326, D.I. 11.
[8] ID No. 1004019692, D.I. 30; ID No. 1309013326, D.I. 14.
[9] ID No. 1004019692, D.I. 30.
[10] ID No. 1309013326, D.I. 14.
[11] ID No. 1309013326, D.I. 15.
[12] ID No. 1309013326, D.I. 16.

6.      On October 22, 2020, Defendant filed the instant Motion for Modification of Sentence (the "Motion").[13]  In his Motion, Defendant asks the Court to modify the Level IV portion of his sentence "to reflect more level 3 time" or to suspend his Level IV time completely because he is "currently at a level 4 facility."[14] In support of his Motion, Defendant notes that he has obtained a GED and a high school diploma and has completed various programs while at Howard R. Young Correctional Institution.[15]  Defendant also writes that he is striving to become a responsible citizen and resolves to pay his fines and court costs upon finding a job.[16]

7.      As an initial matter, the Court notes that although Defendant has filed his Motion in both his PFBPP/PABPP case and his VOP case, he was sentenced to Level IV time only in the former case.[17]  The Court therefore construes Defendant's Motion as a request to modify the Level IV portion of the sentence in the PFBPP/PABPP case.

8.      Superior Court Criminal Rule 35(b) governs the reduction of sentences.[18]  That Rule provides, in relevant part, that the Court "will not consider repetitive requests for reduction of sentence."[19]  A motion is repetitive when it is

---

[13] ID No. 1004019692, D.I. 50; ID No. 1309013326, D.I. 22.
[14] ID No. 1004019692, D.I. 50; ID No. 1309013326, D.I. 22.
[15] ID No. 1004019692, D.I. 50; ID No. 1309013326, D.I. 22.
[16] ID No. 1004019692, D.I. 50; ID No. 1309013326, D.I. 22.
[17] *See* ID No. 1004019692, D.I. 30; ID No. 1309013326, D.I. 14.
[18] Super. Ct. Crim. R. 35(b).
[19] *Id.*

"preceded by an earlier Rule 35(b) motion, even if the subsequent motion raises new arguments."[20] As noted above, Defendant has already sought to modify his sentence in the PFBPP/PABPP case. Accordingly, the instant Motion is barred as repetitive.

9. Although Defendant's rehabilitative accomplishments are commendable, the Court finds that Defendant's sentence is appropriate for all of the reasons stated at the time of sentencing. No additional information has been provided to the Court that would warrant a reduction or modification of Defendant's sentence.

**NOW, THEREFORE, IT IS ORDERED** that Defendant's Motion for Modification of Sentence is **DENIED.**

*Jan R. Jurden*

Jan R. Jurden, President Judge

Original to Prothonotary

cc:　Desmond Scott (SBI# 00558030)
　　Periann Doko, Esq., DAG

---

[20] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).

4